CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 03 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARSHALL RAY RAKES,<br>Plaintiff, | Civil Action No. 7:08-cv-00496 |
| v. | **MEMORANDUM OPINION** |
| SOUTHWEST VIRGINIA<br>REGIONAL JAIL,<br>Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Marshall Ray Rakes, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Rakes alleges that while incarcerated at the Southwest Virginia Regional Jail ("the jail"), prison officials failed to provide him with prompt medical treatment. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

### I. Background

Rakes offers this brief statement of his claims:

Ask[ed] to see mental health and refused d[ue] to the Guidelines for this facility. Abilify and Serequel are prescribe[d] to me by my doctor Linda Cheeck in Dublin, VA.

On 7/25/08, I gave the nurse sick call request form. Then on 7/28/08, three days later I sent a request asking for medical attention again. On 7/30/08 I filled a grievance form on the matter[. A]nswer came on 8/1/08 saying I was on the list. [I]t had been seven days when anyone came to take me to the medical department. By that time I had already gotten over my illness.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

(Compl. 2-3). Rakes states that he "would like to be compensated for emotional and physical dis[tress] due to the cruel and unusual punishment put forth by this establishment." Id.

## II. Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). First, the court must dismiss Rakes's claims against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). If Rakes alleged facts indicating that he might be able to prove some constitutional violation committed by individual officials at the jail, the court could allow him to amend to identify such individuals. After review of his complaint, however, the court is satisfied that it must be dismissed under § 1915A, as he fails to allege facts giving rise to any constitutional claim against anyone.

To prove that his course of medical treatment in prison amounted to a violation of the Constitution, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (convicted felon); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (pretrial detainee). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. First, the prisoner must demonstrate a medical need serious enough to give rise to a constitutional claim. Such a need involves a condition that places the inmate at substantial risk of serious harm, usually loss of life or permanent disability; a condition for which lack of treatment perpetuates severe pain also presents a serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978). Second, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he drew

2

or must have drawn that inference, and that he disregarded the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A prisoner is entitled to necessary psychiatric treatment, reasonable in cost and time,

> if a physician or other health care provider, using ordinary skill and care at the time of observation, concludes with reasonable certainty that: (1) the prisoner's symptoms evidence a serious disease or injury; (2) such disease or injury is curable or may be substantially alleviated through psychiatric treatment; and (3) delay or denial of psychiatric treatment would pose a substantial risk of harm to the inmate.

Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Based on the foregoing, the court finds that Rakes's allegations fail to state any claim for relief under § 1983 and the action must, therefore, be dismissed, pursuant to § 1915A(b)(1). Rakes fails to allege facts indicating that anyone at the jail was informed that Rakes suffered from any mental disease or injury that would, if not treated, pose a substantial risk of harm to him or that Rakes exhibited any symptoms of mental health ailments of any kind during his stay at the jail. Accordingly, the court is satisfied that Rakes fails to state a claim under Bowring that anyone has violated his constitutional rights with regard to his desire for mental health treatment.

The court also finds that Rakes has not alleged facts stating any claim regarding delay of medical treatment for his unidentified illness in late July. His own allegations reflect that after he filed a request for medical treatment, officials placed him on a list and he was examined in the medical unit within one week of his first request. The mere fact that he recovered from the illness within less than one week indicates that officials rightly assessed his condition as not requiring emergency treatment. His relatively quick recovery also serves as a strong indication that he had no serious medical need for treatment at all.

For the stated reasons, the court concludes that plaintiff's allegations fail to state any constitutional claim actionable under § 1983 and accordingly, will dismiss the entire complaint without prejudice, pursuant to § 1915A(b)(1).[2] An appropriate order shall be issued this day.

---

[2]To the extent that plaintiff's allegations might conceivably give rise to claims of medical malpractice under state law, such claims are not independently actionable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Moreover, as all claims over which this court

3

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of OCTOBER, 2008.

/s/ Glen Conrad
United States District Judge

---

has original jurisdiction will be dismissed, the court declines to exercise supplemental jurisdiction over any possible state law claims, pursuant to 28 U.S.C. § 1367(c).

4